**Juan V. GOMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46032.

Court of Criminal Appeals of Texas.

April 11, 1973.

Thomas Rocha, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., and Stephen P. Takas, Jr., Charles T. Felder, and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, five (5) years.

We quote from appellant's brief:

"The case was tried on the merits January 27 and 28, 1972. George Cardenas, a San Antonio policeman, testified that on March 12, 1971, while working as an undercover agent, he received credible information that 'NICK' was selling heroin at 2308 San Fernando, San Antonio, Texas. Officer Cardenas made

an in court identification of appellant and further testified that at the above date and place he had purchased three 'caps' or 'papers' of heroin from appellant for ten dollars. San Antonio Police Detective E. E. Clark corroborated part of Cardenas' testimony and Dennis Torraco, a chemist, told the jury that chemical analysis of the three 'caps' or 'papers' revealed the presence of heroin.

"Appellant's principal defenses, through his attorney, have been (1) incompetency to stand trial, (2) insanity at the time of trial, and (3) insanity at the time of the offense.

"A separate sanity hearing pursuant to Article 46.02 of the Texas Code of Criminal Procedure was held on September 20, 1971. James B. Polka, a court-appointed, duly licensed psychiatrist testified and appellant was found insane by the jury and committed to the San Antonio State Hospital. The transfer was effected on September 23, 1971. Appellant was released from the State Hospital and transferred back to the Bexar County Jail on November 18, 1971. A second sanity hearing was held on January 3, 1972, at which time appellant was found by a jury to be a person sane and of sound mind. At the trial on the merits, the defense through Doctor James B. Polka and Thomas Rocha, Jr., Esq. presented testimony that appellant was incompetent to stand trial, was unable to intelligently assist his counsel in the defense of the case, and cannot differentiate right from wrong. The State submitted rebuttal testimony on the issue of insanity at the time of trial through Dr. Joseph Cech, a physician on the staff of the San Antonio State Hospital."

Appellant's first ground of error is that "the evidence is insufficient to establish that the appellant was mentally competent to stand trial".

■ We are not here dealing with the same questions presented in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Townsend v. State, Tex.Cr.App., 427 S.W.2d 55, and Welch v. Beto, 5 Cir., 355 F.2d 1016, cited by appellant. In the case at bar appellant's competency to stand trial had been adequately litigated prior to trial. In the September 1971 hearing and again at the January 1972 hearing this appellant had been given his prompt day in court prior to trial on the question of his competency. Then at trial, the issue of his competency to stand trial was again litigated. Sanity as a defense was also presented to the jury. The evidence submitted was sufficient to support the jury's finding that appellant was competent to stand trial and sane at the time of the commission of the offense. It would thus appear that the haste and inadequate presentation of the defense of insanity and the issue of incompetency to stand trial which have troubled this and other courts have been avoided in the case at bar and that the time has now arrived for this litigation to come to an end.

Appellant's second contention, if we properly understand it, is that during the trial on the merits (January 27, 1972) when the issue of competency to stand trial was raised that the court should have halted the trial on his own motion and relitigated the question of competency prior to proceeding with the hearing on guilty as is outlined in Townsend v. State, supra.

■ In view of the very recent adjudication of sanity and competency before the same judge, we do not find the procedure delineated in Townsend, supra, to be applicable or required. Further, as noted, the defense of insanity was also presented to the jury at the trial on the merits.

Finding no reversible error, the judgment is affirmed.