Favis Clay MARTIN, #222967,
Petitioner-Appellant,

v.

James W. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 73-2550.

United States Court of Appeals,
Fifth Circuit.

April 19, 1974.

Stuart M. Nelkin, Houston, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen. of Texas, Jack Boone, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, THORNBERRY and DYER, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from the denial of federal habeas corpus relief to appellant, a Texas state prisoner. Appellant was convicted in 1970 of murder with malice. His conviction was affirmed on appeal. Martin v. State, Tex.Cr.App., 1972, 475 S.W.2d 265, cert. denied, 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312.

This federal habeas proceeding was instituted after appellant had exhausted his available remedies in the Texas court system. There were five grounds asserted for federal habeas relief. Each was denied by the district court and the denial in each instance is assigned as error here.

We affirm the judgment of the district court as to four of the assignments of error, finding no error and holding that no discussion is warranted. The first of these is that the state trial court committed prejudicial error in admitting certain photographs of the victim into evidence. The second is that appellant was tried in jail clothes. See Thomas v. Beto, 5 Cir., 1973, 474 F.2d 981. The third is that the state trial court committed error in permitting the prosecutor to mention a kidnapping charge against appellant during the trial. The victim, the former wife of appellant, was shot by appellant during a dispute over the custody of their child and after the victim had caused appellant to be charged with "child stealing." The fourth assignment is that the state trial court committed error in failing to grant a mistrial when the prosecutor made remarks in argument which were outside the record.

The one assignment of error which requires discussion is the contention that appellant's constitutional rights were violated in that he was not permitted to appeal from the judgment rendered against him in a preliminary trial under Vernon's Tex.Code Crim. Proc.Ann. art. 46.02 [1] on the issue of his competency to stand trial. It is a fact that he was denied such an appeal. Martin v. State, supra, 475 S.W.2d at 266.[2] Texas law does not provide for an appeal from such a preliminary hearing. Rounsavall v. State, Tex.Cr.App., 1972, 480 S.W.2d 696; Taylor v. State, Tex. Cr.App., 1967, 420 S.W.2d 601; Pena v. State, 1969, 167 Tex.Cr.App. 406, 320 S.W.2d 355.[3]

1. The Texas statute has been amended several times in recent years, and the statute currently in force (amended 1973) does not vary materially in procedure from that in effect at the time of appellant's trial (amended 1969).

2. The court wrote:
"In Taylor v. State, 420 S.W.2d 601 (Tex. Cr.App.1967), this court said: 'Appellant apparently overlooks the fact that no appeal lies from a judgment rendered in a preliminary trial on the issue of insanity.' [Citations omitted]. We adhere to the former holdings of this court and cases cited and hold that no appeal lies on this issue."

3. There are at least four trial court procedures available to a Texas defendant for determining competency to stand trial. The first is the separate hearing under Texas procedures which is required if the defendant petitions the court for a preliminary hearing under Tex.Code Crim.Proc.Ann. art. 46.02. From this hearing, as the cases illustrate, no appeal follows. Second, whether or not there has been a preliminary hearing on competency, the defendant may still raise the issue at the trial on the merits. From the jury's determination of competency in such a case, appellate review is available. See Gomez v. State, Tex.Cr.App., 1973, 492 S.W.2d 486, 487. Third, where the issue is not raised by the defendant but is manifested from the evidence, the trial court must discontinue the trial on its own motion for a separate determination of competency. With respect to this third procedure, the Texas appellate court will

The constitutional right to appeal is based on the equal protection concept that if granted to some, it must be granted to all. Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Any argument that due process requires a right to appeal was answered in *Griffin*, 351 U.S. at 18, where the court said that ". . . a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." Justice Frankfurter in a special concurring opinion stated that the right to appeal is not fundamental to the protection of life and liberty and therefore a necessary ingredient of due process of law. Pointing to the prevalent appellate process and the former lack of an appellate system in England and this country, he said:

> "The admonition of de Tocqueville not to confuse the familiar with the necessary has vivid application to appeals in criminal cases." *Id.* at 20.

Justice Frankfurter added that it is "now settled that due process of law does not require a State to afford review of criminal judgments." *Id.*

Further, appellant's equal protection argument is also of no avail, since all persons similarly situated are treated alike—the appeal from the preliminary hearing is denied to all. In fact a defendant in Texas may not appeal from any separate hearing on competency to stand trial. All defendants, including those who had a preliminary hearing and were found competent, may raise the issue of competency at the trial on the merits. Appellate review of the jury's determination of competency may follow. Gomez v. State, Tex.Cr.App., 1973, 492 S.W.2d 486. The fact that appellant here did not raise the issue of

competency at his trial on the merits does not give rise to an equal protection claim that appeal is afforded some criminal defendants and not all. Neither does appellate review of the *fact* of the *denial* of a separate hearing on competency, *e. g.*, Perryman v. State, Tex.Cr. App., 1973, 494 S.W.2d 542, constitute review of the hearing itself. See note (3) *supra*. The fact remains that there is no Texas case permitting an appeal on substantive or procedural issues arising in a separate competency hearing regardless of whether the hearing was held prior to or during the main trial. The failure of Texas to afford an appeal from a preliminary trial on competency does not therefore violate any constitutional right of appellant.

■ The decision in Pate v. Robinson, 1966, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815, does however require adequate state procedures to make certain that the due process clause is not violated by convicting an accused person while he is legally incompetent. 383 U. S. at 378. Competency to stand trial was defined in Dusky v. United States, 1960, 362 U.S. 402, 80 S.Ct. 788, 4 L. Ed.2d 824, as whether the accused ". . . has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." 362 U.S. at 402.

■ The Texas Court of Criminal Appeals subsequently assessed the procedures available under Tex.Code Crim. Proc.Ann. art. 46.02, *supra*, in light of the mandate of Pate v. Robinson that state procedures be adequate to insure competency. McCarter v. State, Tex.Cr. App.1969, 438 S.W.2d 575; Townsend v.

---

review the question whether the evidence was sufficient so as to require a separate hearing. Whether the trial judge abused his discretion in not holding a separate hearing on the issue is the standard of review. Perryman v. State, Tex.Cr.App., 1973, 494 S.W.2d 542 (the court held that the evidence created a reasonable doubt as to defendant's competency to stand trial thus requiring a hearing before a separate

jury); Ainsworth v. State, Tex.Cr.App., 1973, 493 S.W.2d 517 (the court held that there was no abuse of the court's discretion in not holding a separate hearing). The question of competency may also be raised pursuant to a post-conviction motion for determination of competency but, like the preliminary hearing, no appeal lies therefrom. Sandlin v. State, Tex.Cr.App., 1972, 477 S.W.2d 870, 873.

State, Tex.Cr.App., 1968, 427 S.W.2d 55; Morales v. State, Tex.Cr.App., 1968, 427 S.W.2d 51.[4] These cases require a separate hearing on the issue of competency to stand trial upon a timely demand or request for a preliminary hearing. Preferably, said the court, this should be held prior to the reading of the indictment to enable the issue of competency to be decided free of the complications and possible prejudice arising from evidence of the crime itself. Townsend v. State, *supra,* 427 S.W.2d at 63. Even absent a motion for a preliminary hearing, if evidence becomes sufficiently manifest during the trial on the merits to create a bona fide doubt as to the accused's competence under *Dusky, supra,* the trial judge on its own initiative should halt the trial and conduct a separate hearing on the competency issue before proceeding further. *Id.* Vardas v. State, Tex.Cr.App., 1972, 488 S.W.2d 467; Ex parte Slaton, Tex.Cr.App., 1972, 484 S.W.2d 102. *See* Carroll v. Beto, 5 Cir., 1970, 421 F.2d 1065, on remand, N.D.Tex., 1971, 330 F.Supp. 71, aff'd, 446 F.2d 648, cert. denied, 1972, 405 U.S. 1030, 92 S.Ct. 1299, 31 L.Ed.2d 488.

The sum of the matter is that appellant was accorded a preliminary trial on competency. He lost and there is no provision for an appeal under Texas law. There the matter ends insofar as it is grounded on a claimed constitutional right to appeal.

This leaves a possible claim of denial of due process if appellant was in fact placed on trial at a time when he lacked competency to stand trial. *See* Bruce v. Estelle, 5 Cir., 1973, 483 F.2d 1031; Lee v. Alabama, 5 Cir. (en banc), 1967, 386 F.2d 97. His reliance was on an argued constitutional right to appeal. His counsel in appealing to this court now seeks to inject a claim of denial of due process, but he is in the wrong forum. He must initiate this claim in available Texas habeas proceedings, unless, of course, the federal habeas court finds that he has exhausted his state court remedy. See Bruce v. Estelle, *supra,* for the route to be followed in seeking vindication of such a due process claim in the federal court system.

The judgment of the district court is affirmed.

4. See Note, 1968, 47 Tex.L.Rev. 147; Note, "Competency to Stand Trial—Pre-Trial Procedures." 1968, 22 Sw.L.J. 857; *See also* Figari, "Competency to Stand Trial in Texas," 1971, 25 Sw.L.J. 279.