**Jerry Leon PATTERSON,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 73-3062.**

United States Court of Appeals,
Fifth Circuit.

May 20, 1974.
Rehearing and Rehearing En Banc
Denied June 24, 1974.

Thornberry, Circuit Judge, concurred specially and filed opinion.

Melvyn Carson Bruder, Dallas, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before JONES, THORNBERRY and COLEMAN, Circuit Judges.

JONES, Circuit Judge:

The appellant, Jerry Leon Patterson, a prisoner in the custody of the appellee, serving a life sentence for the theft of cattle, seeks reversal of an order of the district court denying his petition for a writ of habeas corpus.

Patterson was arrested on March 7, 1962, and on the same day he made and signed a confession. He was convicted on November 27, 1962. During the trial, pursuant to an order of the court, Patterson was handcuffed and chained. The confession was introduced in evidence. No appeal was taken from the conviction and sentence.

On February 25, 1970, more than seven years after his conviction, Patterson made application to the Texas district court where he had been convicted for a writ of habeas corpus. The relief was denied after an evidentiary hearing. He then sought the issuance of the Great Writ by the district court where another evidentiary hearing was held. His petition was denied and this appeal followed.

Before the district court Patterson contended that he had been denied the right to appeal from his conviction, that his confession introduced in evidence against him was involuntary, that the voluntariness of his confession was determined by the same jury that determined his guilt, and that he was improperly handcuffed and chained during his trial without any instruction being given to the jury. The district court held that the right of appeal had been waived and decided all of the issues before it against the appellant.

■■ After a full evidentiary hearing the district court determined that Patterson, with full knowledge of the right and availability of an appeal, waived his right to appeal. Here it is contended that the state trial court did not inform him of his right to a transcript and appellate counsel which, he says, prevented him from making a knowing and intelligent waiver. Patterson would have us depart from the decision of the Court in Giles v. Beto, 5th Cir. 1971, 437 F.2d 192, where it was held that a state court is not required to inform a convicted defendant in a criminal case of his right to appeal or of the rights incident to the taking of an appeal by an indigent. This ruling was approved in Collier v. Estelle, 5th Cir. 1974, 488 F.2d 929. Both principle and precedent require adherence to the stated doctrine. The facts and the law sustain the district court's determination that Patterson waived his right of appeal.

■ The appellant does not urge here, as he did before the district court, that error was committed by submitting the issue of the voluntariness of his confession to the same jury as determined his guilt. He does assert here, as before the district court, that the confession was not voluntary. This question was one of fact and the evidence was more than adequate to support the court's finding. The contention is without merit.

■■ The contention that Patterson was denied due process because he was shackled during the trial cannot be sustained. At the time of the trial a charge for escaping from custody and a charge for stealing a motor vehicle while he was at liberty after his escape were pending against him. He had made a number of unsuccessful attempts to escape. He was tried in a courtroom where there were several exits which could not be adequately guarded. No abuse of discretion was committed by the judge in ordering Patterson handcuffed and chained during the trial. There was not any error in the failure to instruct the jury with respect to the shackling. No instruction was requested and it is assumed that none was desired.

No error is shown. The decision here reached is not in conflict with this

Court's recent decisions in Collier v. Estelle, supra, or Harris v. Estelle, 1973, 487 F.2d 56.

The judgment and sentence of the district court is

Affirmed.

THORNBERRY, Circuit Judge (concurring specially):

I respectfully disagree with the majority's treatment of the first issue, whether Patterson waived his right to appeal. By arguing that he did not knowingly waive his right to appeal, Patterson assumes that he has a federal constitutional right to appeal his state conviction. Certainly the due process clause grants no such right. Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Martin v. Estelle, 5th Cir. 1974, 492 F.2d 1120. And the principle of equal protection merely requires that if states choose to permit defendants to appeal, they must allow all to appeal. *Id.* Patterson does not contend, however, that the State permitted some to appeal while denying him the opportunity. Thus Patterson has raised no constitutional right to appeal, making it unnecessary for us to reach the question of waiver.

Patterson had an opportunity to appeal; his complaint is that he was not advised of the full panoply of rights he would enjoy on appeal. Arguably this grievance should have been advanced by an allegation that his court-appointed trial counsel rendered ineffective assistance by failing to advise him of these rights. *See generally* Herring v. Estelle, 5th Cir. 1974, 491 F.2d 125; Worts v. Dutton, 5th Cir. 1968, 395 F.2d 341. Then Patterson would have been raising a constitutional claim by contending he had lost his state-created right to appeal through a constitutional deprivation chargeable to the state. But he did not raise that argument, and we need not pass on it here.