**Sterling Ross JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–276–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1982.

**354**

Gary Tucker, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from a conviction for burglary of a motor vehicle where the final adjudication of guilt was deferred and appellant was placed on probation for a period of three years. Subsequent to the granting of probation, appellant was arrested for the offense of theft. After a hearing on the State's motion to adjudicate guilt, the trial court found appellant had violated the terms and conditions of his probation and sentenced him to ten years confinement in the Texas Department of Corrections and a fine of $5,000. Appellant gave timely notice of appeal. We now affirm.

Appellant argues in his single ground of error the trial court abused its discretion in revoking his probation and adjudicating guilt because the evidence was insufficient to show the offense of theft. The entirety of appellant's argument, however, concerns itself with the Court of Criminal Appeals' construction of Article 42.12, § 3d, Tex. Code Crim.Pro.Ann., the statute authorizing deferred adjudication. Subsection (b) of Section 3d provides in pertinent part:

> On violation of a condition of probation imposed under Subsection (a) of this section, . . . (t)he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

The language of the statute is clear a court's decision to proceed with the adjudication of guilt is not appealable. The Court of Criminal Appeals has interpreted this statute as imposing a strict procedural rule. "[T]he statute clearly provides that the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion and not reviewable . . ." *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Cr.App.1979). See: *Wright v. State*, 592 S.W.2d 604 (Tex. Cr.App.1980). This being the state of the law, appellant's claims arising out of the decision to adjudicate his guilt are not reviewable on appeal.

■ Appellant is aware of the language of § 3d and the above construction by the Court of Criminal Appeals. He argues, however, this construction, insofar as it denies him the right of appellate review, rep-

resents an unconstitutional violation of due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Art. 1, Section 19 of the Constitution of Texas. Appellant maintains that without a right of appeal, he is denied a right of review of whether his liberty was arbitrarily deprived without due process of law. He argues an accused is entitled to minimal standards of due process during the course of an adversary hearing designed to adjudicate his guilt and deprive him of his liberty. "Due process considerations dictate ... that some reasonable measure be used to test sufficiency of evidence adduced to support allegations of violations and the finding thereon (in a probation revocation hearing)." *Flournoy v. State*, 589 S.W.2d 705 (Tex.Cr.App.1979). Without appellate review to insure these due process conditions, appellant maintains the discretion of a trial judge will become unconstitutionally arbitrary and unbridled.

While appellant's argument raises important constitutional concerns, it has failed to persuade us that due process of law can only be achieved through appellate review. The right to appeal in Texas is statutory, not constitutional. There is no statutory appellate review under § 3d(b). Furthermore, the United States Constitution does not require a state to afford a defendant the right to appellate review of a criminal conviction. *Rheuark v. Shaw*, 628 F.2d 297 (5th Cir. 1980), cert. den., 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 364. "[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956); *U.S. v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666, on remand, 538 F.2d 290 (9th Cir. 1976). The only constitutional requirement is that when a state provides a right of appeal in a criminal matter, it must meet the requirements of due process and equal protection. *Id.; Rheuark, supra.* The state legislature has seen fit not to provide appellate review of adjudication of guilt under Section 3d(b). The Court of Criminal Appeals has strictly

construed this statute. *Williams, supra; Wright, supra.* Therefore, the lack of appellate review is not, in and of itself, unconstitutional. In the face of such authority, we decline to accept appellant's argument.

Accordingly, appellant's contention the evidence was insufficient to support the adjudication of guilt is not reviewable. His ground of error is overruled.

Judgment affirmed.