Jeffrey Wayne PIERCE, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–344–CR.

Court of Appeals of Texas, Corpus Christi.

May 27, 1982.

Rehearing Denied June 25, 1982.

Patrick J. McGuire, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for burglary of a building. The trial court assessed appellant's punishment at ten years confinement in the Texas Department of Corrections.

Appellant pled guilty to this offense on June 4, 1980. The trial court deferred further proceedings without an adjudication of guilt and placed appellant on probation for three years. Article 42.12, Section 3d(a) Tex.Code Crim.Pro.Ann. (Vernon Supp. 1982). One of the conditions of appellant's probation was that he commit no offense against the laws of this state or of any state or the United States. In March, 1981, the State filed its amended motion to proceed with an adjudication of appellant's guilt. The motion alleged that appellant committed three additional felony offenses after being placed on probation: arson, burglary and attempted burglary.

On March 13, 1981, a hearing was held on the State's amended motion to revoke probation and proceed with an adjudication of guilt. The appellant pled *"true"* to the amended motion. The trial court revoked the appellant's probation and found the appellant guilty of the offense of burglary of a building. The trial court assessed punishment at ten years.

The appellant contends that the trial court erred in entering an adjudication of guilt and assessing punishment on the original charge since Article 42.12, Section 3d(b) is unconstitutional because it is "vague and allows arbitrary and capricious deprivation of fundamental constitutional rights."

We do not agree. Article 42.12, section 3d(b), requires notice of the alleged violations, that the accused be entitled to a hearing before an impartial magistrate, and certain procedures for the arrest and detention of the accused. In the instant case, appellant was provided with counsel, had notice of the allegations on which the State based its motion to revoke probation, had a hearing before an impartial magistrate, and had the opportunity to confront and cross-examine adverse witnesses and present favorable evidence. Appellant correctly points out, however, that the trial court's decision to proceed with a determination of guilt in this state is final and not reviewable on appeal. *McDougal v. State*, 610 S.W.2d 509 (Tex.Cr.App.1981). There is, however, no constitutional right to an appeal in state criminal convictions. *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Obviously, the absence of appellate review of the trial court's decision to deprive an accused of his liberty does not violate the due process clause. See *Ex Parte Spring*, 586 S.W.2d 482 (Tex.Cr. App.1979); *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315 (1951). We overrule appellant's first ground of error and hold that Art. 42.12, section 3d is constitutional.

**736**

Appellant also contends that the State failed to prove any of the allegations in its motion to revoke probation. We would reiterate that the trial court's decision to revoke probation and proceed with an adjudication of guilt is not reviewable on appeal. We note, however, that appellant plead "true" to the alleged violations of his probationary conditions. The appellant's plea of "true" is, standing alone, sufficient to justify the revocation. *Cole v. State*, 578 S.W.2d 127 (Tex.Cr.App.1979). No error is shown.

Next, appellant contends that the trial court committed reversible error by failing to offer the appellant the opportunity to withdraw his guilty plea "following his rejection of the plea bargain." Appellant contends that appellant's guilty plea to the burglary charge was induced by the State's agreement to recommend that he be placed on probation for three years, without an adjudication of guilt, and that the trial court should have allowed the appellant to withdraw his plea of guilty after assessing punishment at ten years confinement in the Texas Department of Corrections. Similar arguments have been advanced and overruled in *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977) and *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1980).

The judgment of the trial court is AFFIRMED.