**Lee MAYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–01051–CR.**

Court of Appeals of Texas, Dallas.

July 3, 1987.

Gary A. Udashen, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before STEPHENS, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

This is an appeal from a conviction for aggravated assault where the final adjudication of guilt was deferred and appellant was placed on probation for a period of five years. Subsequently, the State filed a motion to adjudicate guilt. After a hearing on the motion, the trial court found appellant had violated the terms and conditions of his probation and sentenced him to four years confinement in the Texas Department of Corrections. In ten points of error appellant asserts that: (1) the Dallas County Magistrate's Act is unconstitutional; (2) the deferred adjudication statute is unconstitutional, and (3) there was insufficient evidence to support the decision of the trial court to adjudicate appellant's guilt. We disagree with appellant's assertions, consequently, we affirm.

█ In appellant's first five points of error he challenges the constitutionality of the Dallas County Magistrates Act. The Magistrate's Act has been upheld in the face of like challenges in *Rabb v. State*, 730 S.W.2d 751 (Tex.Crim.App.1987) and *Kelly v. State*, 724 S.W.2d 42 (Tex.Crim.App. 1987). Appellant's points of error one through five are overruled.

Appellant's points of error six through nine allege that Article 42.12, § 3d, Tex. Code Crim.Proc.Ann., the statute authorizing deferred adjudication, is unconstitutional because it does not allow him the right to appeal the trial court's decision to proceed to an adjudication of guilt. Appellant maintains that this violates his due process and equal protection guarantees under the Federal and State constitutions.

█ A state is not required by the Federal constitution to provide appellate courts or a right to appellate review at all. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). The only constitutional requirement is that when a state provides a right of appeal in a criminal matter, it must meet the requirements of due process and equal protection, *Griffin*, 351 U.S. at 18, 76 S.Ct. at 590; *Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir. 1980), *cert. den.* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365. In Texas, the right to appeal is statutory, not constitutional. *Ex parte Spring*, 586 S.W.2d 482, 485–86 (Tex.Crim.App.1978); *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315, 317 (1951); *Powell v. State*, 99 Tex.Cr.R. 276, 269 S.W. 443, 448 (1925). There is no statutory appellate review under Article 42.12, § 3d(b). For the reasons stated above, the fact that Article 42.12, § 3d(b) does not allow appellant to appeal the trial court's decision to proceed to an adjudication of guilt does not render the statute unconstitutional. *See Pierce v. State*, 636 S.W.2d 734, 735 (Tex. App.—Corpus Christi, 1982, no pet.); *Jones v. State*, 630 S.W.2d 353, 354–55 (Tex.App. —Houston [14th Dist.] 1982, no pet.) *see also Martin v. Estelle*, 492 F.2d 1120, 1121–1122 (5th Cir.1974), *cert. den.* 419 U.S. 868, 95 S.Ct. 125, 42 L.Ed.2d 106. Appellant's points of error six through nine are overruled.

**552**

In appellant's last point of error he argues that the evidence is insufficient to support the decision of the trial court to adjudicate appellant's guilt. As stated earlier, Article 42.12 does not allow appellant to appeal this decision. *Russell v. State*, 702 S.W.2d 617, 618 (Tex.Crim.App.1985); *Daniels v. State*, 615 S.W.2d 771, 771 (Tex. Crim.App.1981); *Fielding v. State*, 719 S.W.2d 361, 363 (Tex.App.—Dallas 1986, no pet.). Appellant's tenth point of error is overruled.

The judgment is affirmed.