Becker v. State











COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





DAVID HOWETH,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.


§


 


§


 


§


 


§


 


§


 


 § 

No. 08-02-00480-CR



Appeal from the


210th District Court


of El Paso County, Texas


(TC# 20010D01649)



M E M O R A N D U M O P I N I O N


 David Howeth appeals his conviction for the offense of robbery. Following
adjudication of guilt, the court sentenced Appellant to imprisonment for a term of fifteen (15)
years. We affirm the judgment of the trial court.

FACTUAL SUMMARY


 On April 27, 2001, Appellant waived his right to a jury trial and entered a negotiated
plea of guilty. In accordance with the plea bargain, the court deferred adjudicating
Appellant's guilt and placed him on deferred adjudication community supervision for eight
(8) years. The State later moved to adjudicate Appellant's guilt. Following a contested
hearing, the trial court determined that Appellant had violated the terms and conditions of
community supervision and proceeded to adjudicate Appellant's guilt. The court assessed
punishment at imprisonment for fifteen (15) years. 

CONSTITUTIONALITY OF ART. 42.12, § 5(b)


 In Points of Error One through Three, Appellant argues that the legislative limitation
on appeal following adjudication of guilt is unconstitutional because it violates his right to
due process and due course of law. Article 42.12, Section 5(b) provides, in relevant part: 

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article. The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this
determination. [Emphasis added]. 

. . .


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)(Vernon Supp. 2004).

 Article 42.12, § 5(b)'s limitation on appeal does not violate Appellant's right to due
process or due course of law because there is no constitutional right to appeal. See Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Garcia v. State, 45 S.W.3d 740, 742 (Tex.
App.--Austin 2001, pet. ref'd); Mayers v. State, 735 S.W.2d 550, 552 (Tex. App.--Dallas
1987, no pet.); Pierce v. State, 636 S.W.2d 734, 735 (Tex.App.--Corpus Christi [13th Dist.]
1982, no pet.); Jones v. State, 630 S.W.2d 353, 354-55 (Tex. App.--Houston [14th Dist.]
1982, no pet.). Points of Error One through Three are overruled.


DECISION TO ADJUDICATE


 In Points of Error Four and Five, Appellant contends that the trial court erred by
refusing to consider his necessity defense in connection with the allegations in the motion
to adjudicate. Because this argument necessarily relates to the trial court's decision to
adjudicate, Appellant may not raise it on appeal. See Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b)(Vernon Supp. 2004). Consequently, we lack jurisdiction to address these
complaints. Points of Error Four and Five are dismissed for want of jurisdiction.

ERROR DURING PUNISHMENT HEARING 


 In Points of Error Six, Seven, and Eight, Appellant argues that his right to due process
and due course of law was violated because the trial court refused to consider the defense of
necessity during the punishment hearing. He also argues that the trial court abused its
discretion. Contrary to Appellant's assertions, the record reflects that the court considered
the evidence presented during the adjudication hearing, including the evidence which
purportedly raised Appellant's necessity defense. Points of Error Six, Seven, and Eight are
overruled. The judgment of the trial court is affirmed.

September 23, 2004




 ______________________________________ 
RICHARD BARAJAS, Chief Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)