NO.
12-05-00195-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

SHARON BARKLEY,           §                      APPEAL
FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Sharon Barkley
appeals the trial court’s decision to revoke her deferred adjudication
community supervision and to adjudicate her guilt.  Appellant raises two issues on appeal.  We affirm in part and
dismiss for want of jurisdiction in part.

 

Background

            On October 4, 1999, Appellant
pleaded guilty to the offense of fraud and was placed on deferred adjudication
community supervision for ten years.  The
State filed a motion to adjudicate Appellant’s guilt in 2002.  Over the years that followed, the State filed
three amended motions to adjudicate.  In
April 2005, the court convened a formal hearing to consider the adjudication of
Appellant’s guilt.  At the hearing,
Appellant complained that she had only received the first amended motion.  The State agreed to proceed on the first
amended motion, which alleged that Appellant had failed to report in person to
her community supervision officer for nearly three years, had failed to pay
various fees, and had failed to report a change of her address.  Appellant pleaded “not true” to the
allegations.  During the hearing,
however, Appellant testified and admitted that she had not paid and had not
reported.  Appellant also called a
witness from the Rusk State Hospital where she had received treatment.  The State elicited from this witness, over
Appellant’s objection, that Appellant had tested positive for cocaine and
marihuana.

            The trial court found the
allegations in the State’s motion to adjudicate to be true, found Appellant guilty,
and assessed her sentence at seven years of imprisonment.  This appeal followed.

 

Constitutionality of Article 42.12, Section 5

            In
her first issue, Appellant argues that Article 42.12, Section 5 of the Code of
Criminal Procedure violates the Texas Constitution because it forbids appellate
review of the decision to adjudicate guilt. 
The State did not file a brief.

            The
Code of Criminal Procedure provides that a defendant accused of violating a
condition of deferred adjudication community supervision is entitled to a
hearing “limited to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge.”  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2005).  The statute also provides that no appeal may
be taken from that determination.  Id.  Appellant argues this provision conflicts
with the Texas Constitution because, she argues, the Texas Constitution grants
her the general right to appeal.  The
Texas Constitution provides, in relevant part, that “[t]he appeal of all other
criminal cases shall be to the Courts of Appeal as prescribed by law.”  Tex.
Const. art. V, § 5(b). 

            Before
we consider the constitutionality of a statute, we must be assured that the
party raising such a claim has been presently injured by the statute.  See Meshell v. State, 739
S.W.2d 246, 250 (Tex. Crim. App. 1987). 
Appellant asserts that she has been injured to the extent that she is
not able to appeal an evidentiary ruling from the adjudication hearing.  Specifically, Appellant argues that drug test
results which purport to show that she consumed cocaine and marihuana while on
community supervision were hearsay and should not have been admitted.








            Appellant
has not been injured by Article 42.12. 
Appellant testified that she had used marihuana and cocaine during the
time she was on community supervision. 
It is well established that even the erroneous admission of evidence
will not present reversible error if the evidence is subsequently admitted either
by a party or without objection.  Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App.
2004); Leday v. State, 983 S.W.2d 713, 718 (Tex.
Crim. App. 1998) (“Our rule  . . . is that overruling an objection to
evidence will not result in reversal when other such evidence was received
without objection, either before or after the complained-of ruling.”); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991).  Therefore, Appellant’s admission
that she used cocaine and marihuana while on community supervision renders this
issue moot.  

            Furthermore,
Appellant’s community supervision was not terminated because she used
controlled substances.  Rather, the trial
court found that she had failed to report, failed to pay fees and failed to
update her address with the authorities. 
Outside the context of deferred adjudication, proof of a single alleged
violation is sufficient to sustain an order to revoke community supervision. See
McConnell v. State, 34 S.W.3d 27, 30 (Tex. App.–Tyler
2000, no pet.).  There was ample
evidence, including Appellant’s admission that she failed to report, to support
the trial court’s decision.  

            Appellant
has not been harmed by the statute that forbids an appeal from the trial court’s
decision to adjudicate guilt.  Therefore,
we do not reach the question whether the statute conflicts with the Texas
Constitution.[1]  We overrule
Appellant’s first issue.

 

Admission of Evidence

            In
her second issue, Appellant argues that the trial court erred in the admission
of certain evidence at the hearing to determine whether she had violated the
terms of her community supervision.  As
discussed in the previous section, a person alleged to have violated the
conditions of her community supervision is entitled to a hearing to determine
whether the court proceeds with an adjudication of guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b).  However, the same statute directs that no
appeal may be taken from this determination. 
Id.  The language of
the statute is plain, and the court of criminal appeals has consistently held
that appeals may not be heard from a trial court’s determination to proceed to
final adjudication.  See Hogans
v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005) (“Thus, if
an appeal raises a claim of purported error in the adjudication of guilt
determination, a court of appeals should dismiss that claim without reaching
the merits.”); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim.
App. 1999); see also Cox v. State, 156 S.W.3d 599, 603 (Tex. App.–Tyler
2004, pet. ref’d).  Appellant’s issue
relates to the admission of evidence at the hearing to consider whether to
proceed with an adjudication of guilt. 
Therefore, we lack jurisdiction to review Appellant’s second issue.

 

Conclusion

            We
are without jurisdiction to consider Appellant’s second issue, and we dismiss
that portion of the appeal.  Having
overruled Appellant’s first issue, we affirm the trial court’s
judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered May 26, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The court of criminal
appeals has never interpreted Article V, § 5(b) to be the source of a right to
appeal.  In fact, the court has
consistently and repeatedly held that the source of the right to appeal is statutory.  Phynes v. State, 828 S.W.2d 1,
2 (Tex. Crim. App. 1992); Jones v. State, 630 S.W.2d 353, 355
(Tex. Crim. App. 1983); Ex parte Paprskar, 573 S.W.2d 525, 528
(Tex. Crim. App. 1978); see also Trevino v. State, 164
S.W.3d 464, 464 (Tex. App.–Fort Worth 2005, no pet.); Pierce v. State,
636 S.W.2d 734, 735 (Tex. App.–Corpus Christi 1982, no pet.); Jones v.
State, 630 S.W.2d 353, 355 (Tex. App.–Houston [14th Dist.] 1982, no
pet.).