Robert Don MUNCY, Appellant,

v.

The STATE of Texas, Appellee.

No. 47466.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

Harris E. Lofthus, Amarillo, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is aggravated assault with a motor vehicle in violation of Art. 1149, Vernon's Ann.P.C.; the punishment, thirty (30) days and a $500.00 fine.

On September 3, 1972, Amarillo police officers were involved in a high speed chase on North 16th Street in pursuit of an automobile driven by appellant. At North 16th and Grand, appellant ran a stop sign and was involved in a collision which resulted in personal injury to the occupants of an automobile which had been traveling on Grand. On November 14, 1972, appellant was convicted by a jury of attempting to elude a police officer and fined $250.00, which judgment became final. On November 15, 1972, appellant was brought to trial before the same judge in the same court and convicted by a jury of the offense charged in this case.

In ground of error number one, we are met with the contention that the doctrines of double jeopardy and carving are applicable to the facts of this case. Although there is some question as to whether or not appellant's jeopardy plea was timely made, this Court has held that the question of former jeopardy is one of fundamental stature and may be raised for the first time in this Court. Jones v. State, Tex.Cr.App., 502 S.W.2d 164; Ellis v. State, Tex.Cr.App., 502 S.W.2d 146; Harris v. State, Tex.Cr.App., 499 S.W.2d 139.

The question before us is whether the offenses of fleeing from a police officer and aggravated assault with a motor vehicle are separate and distinct offenses· so that the doctrine of carving would not apply or whether only a single transaction occurred requiring the application of the carving doctrine.

In several recent cases of this Court, similar contentions were made. In Grant v. State, Tex.Cr.App., 505 S.W.2d 279 (delivered February 6, 1974), we held that the offenses of speeding and driving while intoxicated constituted separate and distinct offenses. In Crabb v. State, Tex.Cr.App., 503 S.W.2d 260 (delivered January 9, 1974), we held that speeding and fleeing from an officer were two separate offenses. In McMillan v. State, Tex.Cr.App., 468 S.W. 2d 444, we held that driving while intoxicated and driving on the left hand side of the road were separate offenses. See and compare Benard v. State, Tex.Cr.App., 481 S.W.2d 427.

In an earlier case, Ward v. State, Tex. Cr.App., 185 S.W.2d 577, Judge Hawkins writing for the Court held that aggravated assault with a motor vehicle and driving while intoxicated were separate and distinct transactions.

The rationale employed in these cases is applicable here. Appellant committed the offense of fleeing from a police officer the moment he failed to stop at the signal from the officer. Art. 6701d, Sec. 186(a); Vernon's Ann.Tex.Civ.St. Appellant could have committed the offense of aggravated assault with a motor vehicle anytime he willfully or negligently collided with another in a manner causing injury less than death. Art. 1149, supra. Neither offense is a lesser included offense or necessary element of the other. Two offenses here charged are separate and distinct offenses.

Ground of error number one is overruled.

In ground of error number two, appellant asserts that he was prohibited from presenting evidence in support of his plea of former jeopardy.

The trial court refused to allow appellant to present any evidence of his prior conviction in the presence of the jury. In order to perfect his bill of exception appellant took each witness on voir dire and secured their admission that the testimony that they gave in this trial was the same testimony that they had previously given in the trial on the fleeing charge.

Appellant relies on Rodriguez v. State, Tex.Cr.App., 466 S.W.2d 788. In that case we said that the question of former jeopardy was a question for the jury when an issue of fact was raised, and that defendants were entitled to present whatever evidence was available to establish a plea of former jeopardy. In that case there was a real fact issue as to whether or not appellants had been adjudged delinquents because of the murder charge involved or because of the allegations contained in the petition utilized in the delinquency hearing. This fact issue was to be determined from different evidence.

There was not such an issue of fact present in this case.

By his bill of exception appellant preserved for our review the fact that the same testimony convicted appellant in both cases. However, in light of our holding that two separate offenses were involved, the similarity of the evidence is not fatal to the conviction.

Ground of error number two is overruled.

Finding no reversible error, the judgment is affirmed.