Scott A. MILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00047–CR.

Court of Appeals of Texas, San Antonio.

Nov. 18, 1981.

Rehearing Denied Dec. 15, 1981.

48

Samuel H. Bayless, San Antonio, for appellant.

Bill White, Dist. Atty., Gregory S. Long, Asst. Criminal Dist. Atty., San Antonio, for appellee.

OPINION

Before ESQUIVEL, BUTTS and CANTU, JJ.

BUTTS, Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon. The jury found the appellant guilty, and assessed punishment at three (3) years' confinement, which was probated upon their recommendation. The sufficiency of the evidence is not challenged on appeal.

The record reflects that between 1:00 and 2:00 a. m. on June 1, 1978, two teenage girls went to a JACK IN THE BOX restaurant in San Antonio. They gave some beer to appellant and his two companions, Beaver and Rodriguez. After the girls left the restaurant, the appellant and his companions drove by them and made a rude remark. The girls were frightened by the remark and ran back to the JACK IN THE

BOX for help. Two other young men offered to drive them home, and they accepted.

The young men drove the girls to the place where appellant and his companions were standing and one of the young men asked if the appellant and his companions were "hassling these chicks". Rodriguez responded by pulling out a sawed-off shotgun and shooting a tire on the young men's car. Appellant's car left quickly and the men whose tire had been shot stopped at Fargo's restaurant to call the police. After the police arrived, one of the girls spotted appellant's car driving by, and she pointed it out. Officer Jack Day of the Leon Valley Police Department began to pursue the appellant's car. The pursuit took place on several streets at a speed of about 55 or 60 miles per hour. At some point, Rodriguez leaned out the window and fired two shots from a shotgun at the pursuing police car. They blew out the left headlight and turn signal of the police car and damage was also done to the overhead light bar. The speed of the chase then greatly increased, exceeding 120 miles per hour, with Day firing his service pistol with his left hand. No one was wounded and eventually appellant stopped his car. Appellant was immediately arrested along with Beaver. Rodriguez escaped, but was apprehended soon after. Appellant had been driving the car during the entire chase.

In his first ground of error, appellant asserts that the trial court erred in failing to charge the jury on the lesser included offense of reckless conduct. Appellant maintains that because he was driving the car, there was no evidence of assaultive conduct by him and that he could only be found guilty under the law of parties if he was criminally responsible for the offense which was committed by Rodriguez, who shot the gun. He further contends that under the law of the parties, he was entitled to the charge of reckless conduct since the evidence raised the possibility that the companion's conduct constituted reckless conduct rather than aggravated assault.

In *Royster v. State,* 622 S.W.2d 442 (Tex. Cr.App.1981), the plurality opinion set out the two step analysis which is to be used in determining whether a charge on a lesser included offense is required. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that the defendant, if guilty of anything, is guilty only of the lesser included offense. This two-step analysis has consistently been employed in recent opinions dealing with the necessity of a charge on a lesser included offense. *Royster v. State, supra; see also, Watson v. State,* 605 S.W.2d 877, 884 (Tex.Cr.App. 1980); *Simpkins v. State,* 590 S.W.2d 129, 134 (Tex.Cr.App.1979); *Wilder v. State,* 583 S.W.2d 349, 361 (Tex.Cr.App.1979), *vacated and remanded on other grounds,* — U.S. —, 101 S.Ct. 3133, 69 L.Ed.2d 987, (1981); *Wright v. State,* 582 S.W.2d 845, 847 (Tex. Cr.App.1979); *Briceno v. State,* 580 S.W.2d 842, 844 (Tex.Cr.App.1979); *Thomas v. State,* 578 S.W.2d 691, 698 (Tex.Cr.App. 1979); *Williams v. State,* 575 S.W.2d 30, 33 (Tex.Cr.App.1979); *Dovalina v. State,* 564 S.W.2d 378, 383 (Tex.Cr.App.1978); *McBrayer v. State,* 504 S.W.2d 445, 447 (Tex.Cr.App.1974). In a concurring opinion in *Royster, supra,* two members of the Court of Criminal Appeals would have used, instead, the analysis set forth by Mr. Justice Goldberg in *Sansone v. U. S.,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), that:

"A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense."

In analyzing the instant case under the *Sansone* test, we find that the evidence did not warrant submission of a charge on the lesser included offense of recklessness.

Further, under the test stated in the plurality opinion in *Royster, supra,* the evidence presented under the law of parties failed to raise the possibility that appellant was guilty of only reckless conduct, if anything.

We find no error in the court's refusal to submit appellant's specially requested jury charges on the lesser-included offense of reckless conduct.

In ground of error number two, appellant asserts that the court erred in overruling the appellant's special plea and Motion to Dismiss because the appellant already had been convicted of an offense arising from the same transaction. Appellant's plea of jeopardy is predicated upon the fact that prior to the trial in the instant case, he was convicted of the offense of evading arrest. Tex.Penal Code Ann. § 38.04. Appellant argues that the trial in the instant case was, in effect, a trial for an offense arising out of the same criminal transaction and thus, violates the doctrine of carving. In *Simco v. State*, 9 Tex.App. 338, 349 (1880), the doctrine was recognized as "allow[ing] the prosecutor to carve as large an offense out of a single transaction as he can, yet he must only cut once."

The question before us is whether the offenses of evading arrest and aggravated assault with a deadly weapon are separate and distinct offenses under the facts of this case, so that the doctrine of carving would not apply, or whether only a single transaction occurred requiring the application of the carving doctrine.

In *Hawkins v. State*, 535 S.W.2d 359, 362 (Tex.Cr.App.1976), the court determined the single issue of whether a plea of former jeopardy should have been sustained, reviewed recent relevant decisions by the Court of Criminal Appeals and found a common thread running through them: "The common factor has been an uninterrupted and continuous sequence of events or assaultive acts directed toward a single victim." In *Hawkins v. State, supra*, the defendant was convicted first of possession of a prohibited weapon and then of aggravated robbery using that weapon, both offenses arising from the defendant's presence with the weapon in the same store. The court held that the moment appellant was placed in possession of a prohibited weapon, that offense was complete.

In an earlier case, *Muncy v. State*, 505 S.W.2d 925, 926 (Tex.Cr.App.1974), police officers were involved in a high speed chase with a defendant during which the defendant ran a stop sign and hit another automobile, causing personal injury to the occupants of the other car. The defendant was first convicted of fleeing from a police officer and subsequently of aggravated assault. The court held that the two offenses were separate and distinct and stated:

"Appellant committed the offense of fleeing from a police officer the moment he failed to stop at the signal from the officer. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 186(a). Appellant could have committed the offense of aggravated assault with a motor vehicle anytime he willfully or negligently collided with another in a manner causing injury less than death . . . ."

In *Ex Parte Fitch*, 580 S.W.2d 372, 373 (Tex.Cr.App.1979), the court held that the offenses of robbery and escape from jail were separate offenses where the petitioner, using a rifle, robbed the sheriff of over two hundred dollars ($200.00), locked him in his own jail, and escaped. The court reasoned that the escape from custody was not a criminal offense against the sheriff, whereas the robbery *was* a crime against him and hence the two were separate offenses.

■ We find the rationales employed in these cases to be controlling and conclude that under the facts of the instant case the offense of evading arrest and the offense of aggravated assault with a deadly weapon were separate and distinct transactions and that the convictions for both were not violative of the doctrine of carving. Appellant committed the offense of evading arrest the moment he failed to stop at the signal from the officer. *Muncy v. State*, 505 S.W.2d 925, 926 (Tex.Cr.App.1974). *See also Hawkins v. State*, 535 S.W.2d 359, 362 (Tex.Cr. App.1976); *Robinson v. State*, 530 S.W.2d 592, 593 (Tex.Cr.App.1975). Evading arrest is not a criminal offense against the police officer. Although appellant and his companions assaulted the officer while evading

arrest, the assault was not a necessary element of the offense of evading arrest. *Ex Parte Fitch, supra,* 580 S.W.2d, at 373; *see also Hawkins v. State, supra.* The ground of error is overruled.

In his third ground of error appellant maintains that the trial court erred in overruling his motion to quash the indictment, which, omitting its formal parts, provides:

".... on or about the 1st day of June, A.D., 1978, SCOTT A. MILLS did then and there knowingly and intentionally use a deadly weapon, namely: A GUN, and did then and there knowingly and intentionally THREATENING IMMINENT BODILY INJURY to JACK DAY, hereinafter called complainant, by SHOOTING AT THE SAID COMPLAINANT WITH SAID DEADLY WEAPON . . . . . . . . . . . . . . . . . ."

■ His chief complaint is that the indictment fails to set forth an offense in plain and intelligible words as required by the Tex.Code Crim.Pro. art. 21.02(7). While the indictment is no model charging instrument, it is sufficient to enable the appellant to prepare his defense and to plead the judgment in bar of any prosecution for the same offense. *See Moore v. State,* 473 S.W.2d 523 (Tex.Cr.App.1971). In *Pacheco v. State,* 529 S.W.2d 77 (Tex.Cr.App.1975), the Court of Criminal Appeals stated about a similar indictment, "We perceive no material difference between alleging that one intentionally threatened another with imminent bodily injury by using a pistol and alleging that one used a pistol to intentionally threaten another with imminent bodily injury. Each is sufficient to allege aggravated assault with a deadly weapon under Tex.Penal Code Ann. §§ 22.01(a)(2) and 22.-02(a)(3) (Vernon 1974)." [1] The ground of error is without merit.[2]

The fourth ground of error alleges that the trial court erred in failing to dismiss the indictment which gave no notice of the theory upon which the appellant was being prosecuted. Appellant contends that the indictment gave no notice of the "parties" theory under which appellant was being prosecuted.

■ In order to raise the alleged failure of an indictment to give adequate notice to a defendant of precisely what he is charged with and invoke fundamental constitutional protections, the matter must be timely asserted. *Drumm v. State,* 560 S.W.2d 944, 946 (Tex.Cr.App.1977). Unless the indictment charges "no offense against the law," no objection to lack of notice of precisely what defendant is charged with may be raised after the trial begins. *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603–604 (Tex.Cr.App.1974). Appellant did not raise his alleged defect, which is not a matter of fundamental error, until the close of evidence. Such is untimely. Error, if any, was waived. The ground of error is overruled.

■ In his fifth ground of error, appellant argues that the trial court erred in failing to charge the jury on the law applicable to a party who is present. Specifically, he claims that the trial court erred by refusing his second requested charge on the law of the parties, i.e., a proposed definition of "encouragement," explained as "encouraged by words or agreement", which refusal appellant contends was harmful to him because the existence of an agreement or encouragement to shoot the gun was the only contested issue at the guilt stage.

■ "This court has held that a trial court does not err in refusing to submit a

---

1. Tex.Penal Code Ann. § 22.01(a)(2) (Vernon 1974) provided:
   (a) A person commits an offense if he:
   (2) intentionally or knowingly threatens another with imminent bodily injury; . . . . .
   Tex.Penal Code Ann. § 22.02(a)(3) (Vernon 1974) provided:
   (a) A person commits an offense if he commits assault as defined in § 22.01 of this code and he:

   (3) uses a deadly weapon . . . . . . .

2. Tex.Code Crim.Pro. art. 21.19 states that an indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.

charge that singles out limited parts of the evidence." *Plunkett v. State*, 580 S.W.2d 815, 824 (Tex.Cr.App.1979); *Laws v. State*, 549 S.W.2d 738, 740 (Tex.Cr.App.1977); *Hoover v. State*, 390 S.W.2d 758, 762 (Tex. Cr.App.1965). Singling out such facts or testimony would amount to an improper comment by the judge on the weight of the evidence. *Hoover, supra,* at 740.

In the instant case, the court's charge correctly stated the applicable law. We do not find the court's failure to define "encourage" as requested to have denied appellant a fair and impartial trial.[3] The ground of error is overruled. The judgment is affirmed.

---

**3.** Tex.Code Crim.Pro. art. 36.19 (Vernon 1981).