Kenneth James **BROWN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–331–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 29, 1983.

Ernest Cannon, Houston, for appellant.

Winston Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Kenneth James Brown seeks reversal of his aggravated robbery conviction by the trial court for which he was sentenced to sixty years imprisonment. Appellant raises three evidentiary questions. He contends there was insufficient evidence to prove the requisite theft or intent elements of the offense and, further, that the trial court considered inadmissible evidence in reaching its decision. He also complains that the indictment fails to specify the property stolen. We disagree, and affirm the judgment of the trial court.

The complainant, a registered nurse, was making a field visit to the home of an elderly couple, Mr. and Mrs. Green. When she arrived at the Green's home, appellant, who had been standing on the front porch, followed her inside. Later, when they were inside the ailing Mr. Green's bedroom, the appellant was asked by Mrs. Green to identify himself. He thereupon removed a gun from his shoulder bag and informed the complainant and Mrs. Green that it was a robbery. Mrs. Green then produced a weapon, and shots were fired without result; and she was disarmed. Appellant then searched through several drawers, and demanded money of complainant. When she responded that she had none, he asked for her wedding ring. She started crying and he struck her with his gun. She immediately removed and gave him the ring. After some discussion, he returned her wedding ring to her. He then demanded and got her car keys. Next, he pulled the phone from the wall and left. Complainant did not actually see appellant take her car; and, other than her car keys, nothing else was taken from her person. Two days later, after a high speed chase, the car was recovered and another individual, but not the appellant, was apprehended at the time.

■ In his first ground of error, appellant claims there was insufficient evidence of the theft element of aggravated robbery. He refers to the lack of evidence connecting him with the car. While the Texas Penal Code does describe robbery as an offense taking place in the course of committing theft, theft is simply the unlawful appropriation of property. Tex.Penal Code Ann. §§ 29.02, 31.03 (Vernon 1974). The definition of property includes any tangible personal property, which clearly would encompass car keys. Tex.Penal Code Ann. § 29.-01(2)(A) (Vernon 1974). Since there is evidence that appellant unlawfully took complainant's car keys, the theft requirement of robbery is satisfied. Appellant's first ground of error is overruled.

■ In a related ground of error appellant urges that the indictment was fundamentally defective because it failed to specifically describe the property taken. In so urging, appellant candidly asks us to overrule a long line of decisions to the contrary. For example, in *Rohlfing v. State*, 612 S.W.2d 598 (Tex.Cr.App.1981) appellant was charged with aggravated robbery and the court held that the indictment was not fundamentally defective, although it alleged

only the "theft of property" with no further description thereof. The court pointed out that an indictment for robbery does not require an allegation of a completed theft. *See* Tex.Penal Code Ann. § 29.01(1) (Vernon 1974). The court then reasoned that robbery offenses are assaultive in nature and not aggravated forms of theft. Thus, the court held a description of the property to be unnecessary. *See also Franklin v. State,* 607 S.W.2d 574 (Tex.Cr.App.1980); *Ex parte Lucas,* 574 S.W.2d 162 (Tex.Cr. App.1978). The rationale of these cases is sound. Appellant's second ground of error is overruled.

In his third ground of error appellant contends that the state failed to prove an element of its case, namely that appellant had the intent to obtain and maintain control of any property. The evidence indicates that appellant took and left with complainant's car keys. This satisfies the intent requirement and appellant's third ground of error is likewise overruled.

Finally appellant complains that the trial judge erred by admitting over his objection certain testimony of the state's attorney which sought to impeach the state's own witness. In a non-jury trial, we must presume that the judge in reaching his decision disregarded any improper evidence admitted at the trial. *Keen v. State,* 626 S.W.2d 309, 314–15 (Tex.Cr.App.1982). We find there is sufficient evidence to support the conviction exclusive of this testimony, and the appellant does not persuasively suggest any conclusion to the contrary. Accordingly, appellant's fourth ground of error is overruled.

The judgment is affirmed.