**David CASTRO, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–0553–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1991.

Discretionary Review Refused
June 19, 1991.

Leonard Martinez, Austin, for appellant.

Margaret Lalk, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction for the offense of hindering secured creditors. The trial court had previously deferred adjudication of guilt and placed appellant on probation for a period of four years. Upon the State's motion, the trial court proceeded to an adjudication of appellant's guilt and sentenced appellant to eight years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 Sec. 5 (Vernon Supp.1990). In four points of error, appellant asserts that (1) Art. 42.12 Sec. 3d(b)[1] is unconstitutional in that it denies him an effective appeal, (2) there was insufficient evidence to show that appellant violated the terms of his probation and (3) the trial court erred in sentencing appellant to eight years imprisonment without permitting him an opportunity to introduce evidence in mitigation of punishment. We affirm.

On January 31, 1986, appellant pled guilty to the offense of hindering secured creditors. After considering the pleadings and the evidence, the trial court found that the evidence substantiated the appellant's guilt. The trial court then deferred all further proceedings without an entry of an adjudication of guilt, and placed appellant on probation for a period of four years. On January 12, 1990, the State filed a motion to proceed with adjudication of guilt which alleged that appellant had violated four conditions of probation. On March 20, 1990, after a contested hearing, the trial court entered an adjudication of guilt upon the finding that appellant had violated the conditions of his probation by possessing a firearm, failing to pay probation fees, failing to pay a $2,000 fine, and by failing to make restitution. Appellant was sentenced to eight years imprisonment.

Appellant's first point of error asserts that Article 42.12 Sec. 3d(b) is unconstitutional because the statute does not allow an appeal from the trial court's determination to proceed with an adjudication of guilt. Appellant argues that due process requires appellate review in order to protect a defendant from an arbitrary and capricious decision to proceed with adjudication.

Our Court of Criminal Appeals has been clear and consistent in holding that no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. *Contreras v. State,* 645 S.W.2d 298 (Tex.Crim.App.1983); *Daniels v. State,* 615 S.W.2d 771 (Tex.Crim. App.1981); *Wright v. State,* 592 S.W.2d 604, 606 (Tex.Crim.App.1980); *Williams v. State,* 592 S.W.2d 931, 933 (Tex.Crim.App. 1979). A state is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). The only constitutional requirement is that when a state provides a right of appeal in a criminal matter, it must meet the requirements of due process and equal protection. *Griffin,* 351 U.S. at 18, 76 S.Ct. at 590; *Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir. 1980), *cert. den.* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365. In Texas, the right to appeal is statutory, not constitutional. *Ex parte Spring,* 586 S.W.2d 482, 485–86 (Tex.Crim.App.1978). Our state legislature has seen fit not to provide appellate review of an adjudication of guilt under Section 3d(b), therefore, the lack of appellate review does not render the statute unconstitutional. *See Pierce v. State,* 636 S.W.2d 734, 735 (Tex.App.—Corpus Christi 1982, no pet.); *Jones v. State,* 630 S.W.2d 353,

---

1. TEX.CODE CRIM.PROC.ANN. art. 42.12 Sec. 3d(b) has been renumbered, without amendment, as

TEX.CODE CRIM.PROC.ANN. art. 42.12 Sec. 5(b).

355 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant's first point of error is overruled.

Appellant's second and third points of error complain that the trial court erred in proceeding with an adjudication of appellant's guilt because there was insufficient evidence to show that the appellant violated the terms and conditions of his probation. In accordance with our holding that the trial court's determination to proceed with an adjudication of guilt is not appealable, appellant's second and third points of error present nothing for review. Appellant's second and third points of error are overruled.

Appellant's fourth point of error complains that the trial court erred in sentencing appellant to eight years confinement without first giving appellant an opportunity to present evidence in mitigation of punishment. Fairness dictates that a defendant be accorded an opportunity to offer evidence in mitigation of punishment after an adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity. *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App. 1984). Here, before assessing punishment, the trial court inquired if there was any legal reason why sentence should not be pronounced. Appellant made no request to present further evidence on the issue of punishment. Appellant made no objection relative to the imposition of sentence, nor did he perfect a bill of exceptions. Under these circumstances, we hold that appellant was given a sufficient opportunity to offer appropriate evidence in mitigation of punishment. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.