**Randall RUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–91–00043–CR.**

Court of Appeals of Texas,
Tyler.

Jan. 31, 1992.

Rehearing Overruled April 27, 1992.

Mary Lou Tevebaugh, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

PER CURIAM.

Appellant's indictment contained two counts. In count one, appellant was charged with possession of a controlled substance with intent to deliver; in count two, he was charged with possession of a controlled substance. On March 27, 1990, the appellant pled guilty to the offense charged in count two, possession of a controlled substance. The judge found that the evidence substantiated the defendant's guilt but deferred further proceedings without entering an adjudication of guilt. The court placed appellant on probation for a period of five years. Prior to the entry of appellant's plea to count two, the State abandoned count one of the indictment which charged possession of a controlled substance with intent to deliver.

On November 30, 1990, the State filed an application for the adjudication of appellant's guilt alleging that he had committed the offense of possession of a controlled substance on June 8, 1990. The trial court found the appellant guilty of the offense in which adjudication had been deferred and assessed his punishment at eight years in the penitentiary. However, the judgment recites that the appellant was convicted of both the offense contained in count one of the indictment, which was abandoned, and count two of the indictment in which he did enter a guilty plea.

In his first point of error, appellant complains that the judgment shows him to have been adjudged guilty of the offense set out in the abandoned count, as well as that charged in count two to which he had entered his guilty plea. The State agrees and asks this Court to reform the judgment to show a conviction for possession only, the charge contained in count two of the indictment.

■ It is well established that no appeal lies from the trial court's decision to proceed with an adjudication of guilt pursuant to Tex.Crim.Proc.Code Ann. art. 42.12 section 5(b). *Contreras v. State*, 645 S.W.2d 298 (Tex.Cr.App.1983); *Castro v. State*, 807 S.W.2d 417, 418 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). However, appellant's complaint does not constitute an appeal from an adjudication of guilt pursuant to the statute. The accusation contained in count one was abandoned by the prosecution. The appellant entered no plea to that charge, nor were proceedings deferred in relation to that accusation. It is apparent from the record that the trial court knew that it was adjudicating guilt on only the offense charged in count two and assessed the appellant's punishment for only that offense. The judgment must be reformed to correctly reflect the facts.

■ Appellant, by his second point, complains about the admission of evidence at the hearing on the trial court's decision to proceed with the adjudication of guilt. The trial was to the court sitting without a jury, and in such cases it is presumed that the judge disregarded any evidence improperly admitted at the trial in reaching his deci-

sion. *Brown v. State,* 662 S.W.2d 638 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Appellant's second point is overruled.

The judgment of the trial court is reformed by deleting the order convicting of possession of a controlled substance with intent to deliver.