Terry Lee Stanfill v. State









[WITHDRAWN 8-5-98]





IN THE
TENTH COURT OF APPEALS
 

No. 10-97-343-CR

     TERRY LEE STANFILL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 213th District Court
Tarrant County, Texas
Trial Court # 0514699D
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Stanfill appeals from a judgment of the trial court adjudicating guilt and sentencing
him to 13 years in the Texas Department of Criminal Justice–Institutional Division.
      On September 9, 1994, Appellant pled guilty to the offense of indecency with a child. The
trial court found there was sufficient evidence upon which a finding of guilt could be made, but
pursuant to a plea-bargain agreement between Appellant and the State, Appellant was placed on
deferred adjudication for ten years.
      In October 1994, the State filed its first motion to adjudicate alleging that Appellant had
threatened violence to a person. Appellant admitted he had pled guilty to a terroristic threat, a
misdemeanor. The court continued Appellant on deferred adjudication probation but modified the
conditions of his probation.
      In January 1997, the State filed a second motion to adjudicate alleging Appellant violated the
terms and conditions of his probation by assaulting and causing bodily injury to Casey Brady. 
Appellant pled "not true" but the evidence was overwhelming that Appellant committed the
assault. The trial court revoked his probation and adjudicated Appellant guilty of the indecency
with a child offense for which he had been placed on deferred adjudication probation. The court
then sentenced him to 13 years in prison.
      Appellant appeals on one point of error: "The trial court erred in sentencing Appellant before
the mandatory preparation of a pre-sentence investigation."
      In a deferred adjudication proceeding, no appeal may be taken from a determination to
proceed with adjudication of guilt in an original charge after having previously deferred
adjudication and having placed the defendant on probation. Tex. Code Crim. Proc. art. 42.12,
§ 5(b); Castro v. State, 807 S.W.2d 417, 418 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd);
Olowosuko v. State, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992).
      Moreover, the record reflects that a pre-sentence investigation report was prepared by the
Dallas County Probation Department in Appellant's case and such appears in the Clerk's record
in this case.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 8, 1998
Do not publish
[WITHDRAWN 8-5-98]



nd
went north on U. S. Highway 287.
      Two Department of Public Safety troopers laid spikes across both northbound lanes of
Highway 287 as the stolen truck approached at approximately 100 miles per hour. The truck
swerved to the right shoulder where one of the troopers was standing. The trooper pulled the
spikes from the roadway by an attached rope so that the pursuing patrol cars would not be
disabled. As he did so, he fell to the ground suffering severe injuries to both knees. Officers with
the Midlothian Police Department eventually stopped the truck.
PRO SE PLEADINGS
      Warren has raised a number of different issues in pro se briefs he has filed.


 We have decided
to address one in the interest of justice: whether the trial court erred by denying counsel’s motion
to withdraw without a hearing.


 See Williams v. State, 946 S.W.2d 886, 892 (Tex. App.—Waco
1997, no pet.) (appellate court may consider pro se issue in the interest of justice even though
appellant has no right to hybrid representation). At oral argument, we directed Warren’s counsel
and the State’s counsel to provide additional briefing on this issue, which they have done.
SUFFICIENCY OF EVIDENCE
      Warren contends in his second point that the evidence is legally insufficient to prove that he
is the person who committed the offense because he was identified at trial as “Hubert Warren, Jr.”
but the indictment alleges that “Hubert Warren” committed the offense.
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential element
beyond a reasonable doubt. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979)). 
We resolve any inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000).
      Warren cites article 21.02(4) of the Code of Criminal Procedure for the proposition that the
name of the accused is material to an indictment. See Tex. Code Crim. Proc. Ann. art. 21.02(4)
(Vernon 1989). While that may be a correct statement of the law, the pertinent inquiry for our
consideration is whether the name of the accused “is a substantive element of the criminal offense
as defined by state law.” Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002) (citing
Jackson, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16, 61 L. Ed. 2d at 577 n.16).
      The Court of Criminal Appeals held in Fuller that the victim’s name is not a “substantive
element” of the offense of injury to the elderly because the statute defining that offense does not
include the victim’s name as part of the definition of the offense. Id. at 253. Section 22.02 of the
Penal Code, which defines the offense of which Warren was convicted, similarly does not include
the defendant’s name as part of the definition of the offense. See Tex. Pen. Code Ann. § 22.02
(Vernon 1994). Accordingly, we conclude that the defendant’s name is not a “substantive
element” of the offense of aggravated assault as defined by section 22.02. See Fuller, 73 S.W.3d
at 253.
      Next, we must determine whether the variance between the indictment and the proof is
“material.” Id. (citing Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001)).
A variance between the wording of an indictment and the evidence presented at trial is
fatal only if “it is material and prejudices [the defendant’s] substantial rights.” When
reviewing such a variance, we must determine whether the indictment, as written,
informed the defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, and whether prosecution under the deficiently drafted
indictment would subject the defendant to the risk of being prosecuted later for the same
crime. 

Gollihar, 46 S.W.3d at 257 (quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).



      The evidence varied from the allegations of the indictment in that the defendant was identified
by a witness as Hubert Warren, Jr. while the indictment alleges that “Hubert Warren” committed
the offense. In Fuller, the witnesses referred to the victim as “Mr. Fuller” or “Buddy” while the
indictment alleged his name as “Olen M. Fuller.” Id. at 252. The Court observed, “There is no
indication in the record that appellant did not know whom he was accused of injuring or that he
was surprised by the proof at trial.” 73 S.W.3d at 254.
      In Warren’s case, there is similarly no indication that he did not know that he was the person
accused of committing the offense or that he was surprised that he was identified as Hubert
Warren, Jr. Warren’s counsel did not argue at the conclusion of the guilt-innocence phase that
Warren should be acquitted because of this variance between the indictment and the proof. 
Accordingly, we conclude that the indictment gave Warren sufficient notice “to allow him to
prepare an adequate defense at trial.” See Gollihar, 46 S.W.3d at 257 (quoting Sprick, 233 F.3d
at 853).
      Regarding the issue of whether this variance subjects Warren to the risk of being prosecuted
later for the same offense, the Court of Criminal Appeals noted in Gollihar that the entire record
from a first trial (as opposed to the indictment alone) should be examined to protect against double
jeopardy in a subsequent prosecution. Id. at 258 (citing United States v. Apodaca, 843 F.2d 421,
430 n.3 (10th Cir. 1988)). As the Court explained in a prior double jeopardy case, “[W]hen one
cannot determine from the State’s pleadings whether the offenses prosecuted are the same, the
court must look to the proof offered at [the first] trial.” Ex parte Goodbread, 967 S.W.2d 859,
860 (Tex. Crim. App. 1998) (citing Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim. App.
1973)).
      The Court concluded in Fuller that the defendant could not be subjected to a subsequent
prosecution for the same offense because of the variance at issue in that case. 73 S.W.3d at 254
(citing Gollihar, 46 S.W.2d at 257). We reach the same conclusion here. If the State attempted
to prosecute Warren again for this aggravated assault, a review of the record from the first trial
would reveal that he had already been prosecuted for this offense. Accordingly, we conclude that
the variance would not subject him to another prosecution for this offense. Id.
      The variance between the indictment and proof is not “material.” Accordingly, the evidence
is legally sufficient to support Warren’s conviction. See Fuller, 73 S.W.3d at 253; Gollihar, 46
S.W.3d at 257. Thus, we overrule Warren’s second point.
VIDEO RECORDING
      Warren argues in his third point that the court violated his constitutional right to meaningfully
participate in his defense


 by refusing to require the State to provide him a copy of an in-car video
recording of the pursuit so he could review the recording with his attorney. However, the record
reflects that the State did provide him a copy of this recording. Accordingly, we overrule
Warren’s third point.
LESSER-INCLUDED OFFENSE
      Warren claims in his first point that the court erred by denying his request for submission of
evading arrest as a lesser-included offense in the charge. The State responds that evading arrest
is not a lesser-included offense of aggravated assault on a public servant.
      A trial court must submit a lesser-included offense to the jury if: (1) such offense is included
within the proof necessary to establish the offense charged; and (2) the record contains some
evidence that if the defendant is guilty, he is guilty of only the lesser offense. Wesbrook v. State,
29 S.W.3d 103, 113 (Tex. Crim. App. 2000); Hardie v. State, 79 S.W.3d 625, 630 (Tex.
App.—Waco 2002, pet. ref’d). To determine whether the lesser offense is included within the
proof necessary to establish the offense charged, we begin with an analysis of the statutory
elements of the respective offenses. E.g., Hardie, 79 S.W.3d at 631; Juneau v. State, 49 S.W.3d
387, 390-91 (Tex. App.—Fort Worth 2000, pet. ref’d).
      As charged, the elements of aggravated assault on a public servant are: (1) the defendant; (2)
intentionally, knowingly, or recklessly; (3) caused serious bodily injury; (4) to a person he knew
was a public servant; (5) who was lawfully discharging an official duty. Tex. Pen. Code Ann.
§ 22.02. The elements of evading arrest applicable to this case are: (1) the defendant; (2)
intentionally; (3) fled; (4) from a person he knew was a peace officer; (5) attempting to lawfully
arrest him. Id. § 38.04 (Vernon Supp. 2003).
      The indictment alleges that the DPS trooper who was injured as a result of Warren’s conduct
“was then and there lawfully discharging an official duty, to-wit: attempting to apprehend
defendant while fleeing from commission of a felony offense.” (emphasis added). Warren
contends that the italicized portion of this allegation requires the submission of evading arrest as
a lesser-included offense because it references his act of fleeing.
      However, “fleeing” is not one of the substantive elements of aggravated assault on a public
servant. See Tex. Pen. Code Ann. § 22.02; Fuller, 73 S.W.3d at 252 (citing Jackson, 443 U.S.
at 324 n.16, 99 S. Ct. at 2792 n.16, 61 L. Ed. 2d at 577 n.16). Its inclusion as a term descriptive
of the trooper’s lawful discharge of an official duty (a substantive element of the offense) does not
elevate it to that level. Because the term “fleeing” is not a substantive element of the offense of
aggravated assault on a public servant, evading arrest is not a lesser-included offense.
      We also note that Texas courts have held on prior occasions that evading arrest or the related
offense of fleeing


 is not a lesser-included offense of aggravated assault. See Muncy v. State, 505
S.W.2d 925, 926 (Tex. Crim. App. 1974) (fleeing is not a lesser-included offense of aggravated
assault with a motor vehicle); Mills v. State, 625 S.W.2d 47, 50-51 (Tex. App.—San Antonio
1981, no pet.) (evading arrest conviction does not pose jeopardy bar to subsequent prosecution for
aggravated assault).
      Finally, we note that section 38.04(d) expressly provides that “[a] person who is subject to
prosecution under both this section and another law may be prosecuted under either or both this
section and the other law.” Id. § 38.04(d). Thus, the Legislature has expressly defined evading
arrest to not be a lesser-included offense of other offenses. Cf. Ex parte Pool, 71 S.W.3d 462,
468 (Tex. App.—Tyler 2002, no pet.) (“Legislature has expressly approved multiple punishments
in the case of violation of a protective order [and burglary of a habitation arising from same
transaction]) (citing similar provision in Tex. Pen. Code Ann. § 25.07(c) (Vernon Supp. 2003)).
      For the foregoing reasons, we overrule Warren’s first point.
MOTION TO WITHDRAW
      Warren avers in his fourth point that the court erred by failing to conduct a hearing on his
motion requesting the court to permit his trial counsel to withdraw and appoint other counsel for
appeal.
      Warren’s counsel prepared a motion to withdraw in which he alleged that he should be
permitted to withdraw because: (1) he was “unable to effectively communicate with . . . Warren”;
(2) Warren desired that other counsel be appointed to represent him; and (3) Warren had “filed
a grievance with the State Bar of Texas against [him].” Counsel had Warren personally sign the
motion, indicating his consent. Counsel filed the motion forty-two days after imposition of
sentence. Counsel requested that the court grant the motion or set the matter for hearing. The
court denied the motion without a hearing.
      Warren cites Melendez v. Salinas for the proposition that “[w]hen a defendant voices a
seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into
the reasons for the defendant’s dissatisfaction.” 895 S.W.2d 714, 715 (Tex. App.—Corpus Christi
1994, orig. proceeding). However, we do not believe that this statement accurately reflects a trial
court’s obligation in this regard.
      The Court of Criminal Appeals has recently addressed this issue.
The trial court has discretion to determine whether counsel should be allowed to
withdraw from a case. “However, the right to counsel may not be manipulated so as to
obstruct the judicial process or interfere with the administration of justice.” Further,
personality conflicts and disagreements concerning trial strategy are typically not valid
grounds for withdrawal. A trial court has no duty to search for counsel agreeable to the
defendant.

King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (quoting Green v. State, 840 S.W.2d
394, 408 (Tex. Crim. App. 1992)) (footnotes omitted).
      Somewhat consistent with the statement of the Corpus Christi court in Melendez, the Supreme
Court of the United States has stated, “Unless the trial court knows or reasonably should know
that a particular conflict exists, the court need not initiate an inquiry.” Cuyler v. Sullivan, 446
U.S. 335, 347, 100 S. Ct. 1708, 1717, 64 L. Ed. 2d 333, 346 (1980). Warren’s counsel quotes
a 1993 decision of the First Court of Appeals for the proposition that “[a] disciplinary proceeding
brought by a client against counsel creates an actual conflict of interest.” Garner v. State, 864
S.W.2d 92, 99 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). However, the court in Garner
concluded that the record before it revealed only “the mere possibility of a conflict of interest”
which “without more, is not sufficient to impugn a criminal conviction.” Id. (citing Cuyler, 446
U.S. at 350, 700 S. Ct. at 1719, 64 L. Ed. 2d at 348).
      Warren’s first two grounds to replace his trial counsel appear similar to those considered and
rejected by the Court of Criminal Appeals on other occasions. See King, 29 S.W.3d at 566
(“personality conflicts and disagreements concerning trial strategy are typically not valid grounds
for withdrawal”) (citing Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990)). Regarding
the allegation that Warren had filed a grievance against his counsel, we note that (as in Garner and
a subsequent decision of the First Court) Warren has failed to include a copy of the grievance in
the record or provide any information regarding the nature of the complaints set forth therein. See
McKinny v. State, 76 S.W.3d 463, 478 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Garner,
864 S.W.2d at 99. Warren “has shown the mere possibility of a conflict of interest, and such
possibility, without more, is not sufficient to impugn his conviction.” McKinny, 76 S.W.3d at 478
(citing Cuyler, 446 U.S. at 350, 700 S. Ct. at 1719, 64 L. Ed. 2d at 348; Garner, 864 S.W.2d at
99).
      Thus, we overrule his fourth point.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed January 15, 2003
Publish
[CRPM]