NO. 07-03-0437-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL D



AUGUST 29, 2005



______________________________




DAVID CAFFERY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 98-05-00463-CR; HONORABLE KATHLEEN A. HAMILTON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 ON REMAND FROM COURT OF CRIMINAL APPEALS

 By our opinion of September 30, 2004, we affirmed appellant's conviction and
sentence upon his guilty plea to two counts of aggravated sexual assault of a child. In that
opinion, we agreed with the State that the grounds presented by appellant's third issue
were not preserved for review and held that appellant's failure to file a motion for the
recusal of the trial judge amounted to a waiver of the error. Citing Rule 47.1 of the Rules
of Appellate Procedure, we found appellant's additional arguments not necessary to our
final disposition and affirmed the judgment of the trial court. On appellant's petition for
discretionary review, the Court of Criminal Appeals held that pursuant to Rule 47.1, our
prior opinion did not adequately address appellant's argument that the trial court's actions
violated rights that could not be waived by the failure to object, vacated our judgment, and
remanded the case to this Court for reconsideration of appellant's issue. Now, upon
remand, we again consider appellant's third issue. (1) 

 By issue three, appellant contends the trial court reversibly erred by interviewing the
complaining witness and two of the State's other witnesses in camera without notice to or
the presence of appellant or his attorney prior to deciding to reject a proposed plea bargain
and prior to a determination of guilt or innocence. Although conceding error, by its
response, the State contends (1) the error was not preserved for review or, alternatively,
(2) by proceeding to the jury on punishment, appellant restarted the proceedings on
punishment and no error is shown. Restated here, the discrete questions which we must
determine are whether the in camera interview of the victim and two witnesses by the trial
court in chambers, without notice to appellant or his attorney, constituted a denial of
appellant's constitutional guarantee of a trial by due course of law per Article I, Section 19
of the Texas Constitution and, if so, whether the error was subject to waiver by appellant's
failure to object. Based on the following rationale, we sustain appellant's third issue and
reverse and remand the cause to the trial court for a new trial.

Denial of Constitutional Guarantee 


 In addition to appellant's right to a public trial under Article I, Section 10 of the Texas
Constitution, Article I, Section 19 guarantees appellant a trial by "due course of the law." 
Due process has been described as "the basic and essential term in the social compact
which defines the rights of the individual and delimits the powers which the state may
exercise." In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In In re Taylor,
567 F.2d 1183, 1187-88 (2d Cir. 1977), the Court observed that in camera proceedings are
"extraordinary events in the constitutional framework because they deprive the [affected 
party] of the root requirements of due process . . . ." See also Carroll v. President and
Comm'rs of Princess Anne, 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968) (expressing
disapproval of ex parte proceedings). 

 Citing In re Taylor and Carroll, in State ex rel. Bryan v. McDonald, 662 S.W.2d 5, 7
(Tex.Cr.App. 1983), the Court held that the inspection of a presentence report before a
determination of guilt violated due process. It reasoned that a court could not maintain its
status as a neutral arbiter when it considered evidence theoretically inadmissible in a court
of law and concluded that the practice of the trial judge "of reviewing prior to a
determination of guilt unsworn testimony not subject to the rigors of cross-examination, a
review that does not take place before opposing parties in a court of law, is for all practical
purposes an in camera proceeding." Considering that the State concedes error and does
not contend that the ex parte in camera interview was authorized under article 26.13(e) of
the Code of Criminal Procedure, we need not address the application of the statute. See
Tex. Code Crim. Proc. Ann. art. 26.13(e) (Vernon Supp. 2004-05). 

 Appellant's Failure to Object



 Fundamental error may be presented for the first time on appeal. For example, the
question of former jeopardy is fundamental and may be raised at any time. See Muncy v.
State, 505 S.W.2d 925, 925 (Tex.Cr.App. 1974). Similarly, an issue concerning the
disqualification of a judge may not be waived by the parties but may be presented on
appeal even in the absence of an objection in the trial court. Gamez v. State, 737 S.W.2d
315, 318 (Tex.Cr.App. 1987). Because in camera proceedings are extraordinary events
in the constitutional framework and ex parte proceedings are also condemned, we conclude
that a denial of due process by the ex parte in camera interview of the victim and witnesses
under the circumstances presented here violated the absolute systemic requirement of 
process and that the error may be presented for the first time on appeal. See Mendez v.
State, 138 S.W.3d 334 (Tex.Cr.App. 2004).

 By its alternative response, the State contends appellant restarted the trial
procedures on punishment by going to the jury for punishment and that no error is asserted
in the restarted proceeding. Then, the State concludes that by proceeding to a jury on
punishment, appellant waived any error in the proceedings that led to the trial court's
refusal of the plea bargain. However, the State cites no authority for its argument and we
have found none. Moreover, the State does not argue and the record does not show that 
appellant relinquished any rights. See Muniz v. State, 138 S.W.3d 334 (Tex.Cr.App. 1993). 
Indulging every reasonable presumption against a waiver of fundamental constitutional
rights, we reject the State's suggestion that, after the trial court conducted its ex parte in
camera interview prohibited by McDonald, appellant made any waiver of the error by
proceeding to a trial by an impartial jury. See McDonald, 662 S.W.2d at 7; Lyles v. State,
582 S.W.2d 138, 141 (Tex.Cr.App. 1979). Appellant's third issue is sustained.

 Accordingly, the judgment is reversed and the cause is remanded to the trial court
for a new trial.

 Don H. Reavis

 Justice

Do not publish. 
1. For factual restatement, see our prior opinion of September 30, 2004.