NO. 07-03-0437-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 29, 2005

_____

DAVID CAFFERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 98-05-00463-CR; HONORABLE KATHLEEN A. HAMILTON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**
**ON  REMAND FROM COURT OF CRIMINAL APPEALS**

By our opinion of September 30, 2004, we affirmed appellant's conviction and

sentence upon his guilty plea to two counts of aggravated sexual assault of a child.  In that

opinion, we agreed with the State that the grounds presented by appellant's third issue

were not preserved for review and held that appellant's failure to file a motion for the recusal of the trial judge amounted to a waiver of the error. Citing Rule 47.1 of the Rules of Appellate Procedure, we found appellant's additional arguments not necessary to our final disposition and affirmed the judgment of the trial court. On appellant's petition for discretionary review, the Court of Criminal Appeals held that pursuant to Rule 47.1, our prior opinion did not adequately address appellant's argument that the trial court's actions violated rights that could not be waived by the failure to object, vacated our judgment, and remanded the case to this Court for reconsideration of appellant's issue. Now, upon remand, we again consider appellant's third issue.[1]

By issue three, appellant contends the trial court reversibly erred by interviewing the complaining witness and two of the State's other witnesses *in camera* without notice to or the presence of appellant or his attorney prior to deciding to reject a proposed plea bargain and prior to a determination of guilt or innocence. Although conceding error, by its response, the State contends (1) the error was not preserved for review or, alternatively, (2) by proceeding to the jury on punishment, appellant restarted the proceedings on punishment and no error is shown. Restated here, the discrete questions which we must determine are whether the *in camera* interview of the victim and two witnesses by the trial court in chambers, without notice to appellant or his attorney, constituted a denial of appellant's constitutional guarantee of a trial by due course of law per Article I, Section 19

_____

[1]For factual restatement, see our prior opinion of September 30, 2004.

of the Texas Constitution and, if so, whether the error was subject to waiver by appellant's failure to object. Based on the following rationale, we sustain appellant's third issue and reverse and remand the cause to the trial court for a new trial.

## Denial of Constitutional Guarantee

In addition to appellant's right to a public trial under Article I, Section 10 of the Texas Constitution, Article I, Section 19 guarantees appellant a trial by "due course of the law." Due process has been described as "the basic and essential term in the social compact which defines the rights of the individual and delimits the powers which the state may exercise." In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In In re Taylor, 567 F.2d 1183, 1187-88 (2d Cir. 1977), the Court observed that *in camera* proceedings are "extraordinary events in the constitutional framework because they deprive the [affected party] of the root requirements of due process . . . ." *See also* Carroll v. President and Comm'rs of Princess Anne, 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968) (expressing disapproval of *ex parte* proceedings).

Citing *In re Taylor* and *Carroll,* in State ex rel. Bryan v. McDonald, 662 S.W.2d 5, 7 (Tex.Cr.App. 1983), the Court held that the inspection of a presentence report before a determination of guilt violated due process. It reasoned that a court could not maintain its status as a neutral arbiter when it considered evidence theoretically inadmissible in a court of law and concluded that the practice of the trial judge "of reviewing prior to a determination of guilt unsworn testimony not subject to the rigors of cross-examination, a

review that does not take place before opposing parties in a court of law, is for all practical purposes an *in camera* proceeding." Considering that the State concedes error and does not contend that the ex parte *in camera* interview was authorized under article 26.13(e) of the Code of Criminal Procedure, we need not address the application of the statute. *See* Tex. Code Crim. Proc. Ann. art. 26.13(e) (Vernon Supp. 2004-05).

Appellant's Failure to Object

Fundamental error may be presented for the first time on appeal. For example, the question of former jeopardy is fundamental and may be raised at any time. See Muncy v. State, 505 S.W.2d 925, 925 (Tex.Cr.App. 1974). Similarly, an issue concerning the disqualification of a judge may not be waived by the parties but may be presented on appeal even in the absence of an objection in the trial court. Gamez v. State, 737 S.W.2d 315, 318 (Tex.Cr.App. 1987). Because *in camera* proceedings are extraordinary events in the constitutional framework and *ex parte* proceedings are also condemned, we conclude that a denial of due process by the *ex parte in camera* interview of the victim and witnesses under the circumstances presented here violated the absolute systemic requirement of process and that the error may be presented for the first time on appeal. *See* Mendez v. State, 138 S.W.3d 334 (Tex.Cr.App. 2004).

By its alternative response, the State contends appellant restarted the trial procedures on punishment by going to the jury for punishment and that no error is asserted in the restarted proceeding. Then, the State concludes that by proceeding to a jury on

4

punishment, appellant waived any error in the proceedings that led to the trial court's refusal of the plea bargain. However, the State cites no authority for its argument and we have found none. Moreover, the State does not argue and the record does not show that appellant relinquished any rights. *See* Muniz v. State, 138 S.W.3d 334 (Tex.Cr.App. 1993). Indulging every reasonable presumption against a waiver of fundamental constitutional rights, we reject the State's suggestion that, after the trial court conducted its *ex parte in camera* interview prohibited by *McDonald*, appellant made any waiver of the error by proceeding to a trial by an impartial jury. *See McDonald*, 662 S.W.2d at 7; Lyles v. State, 582 S.W.2d 138, 141 (Tex.Cr.App. 1979). Appellant's third issue is sustained.

Accordingly, the judgment is reversed and the cause is remanded to the trial court for a new trial.

Don H. Reavis
Justice

Do not publish.