IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00317-CR

 

In re
Edward S. Hodges, III

 

 



Original Proceeding

 



MEMORANDUM  Opinion



 

            Edward S. Hodges, III, an inmate,
filed a petition for writ of mandamus.  There are numerous procedural problems
with the petition, but we use Rule 2 to look beyond those problems and deny the
petition.  See Tex. R. App. P.
2.

            Hodges’s “Motion Requesting Leave to
Proceed In Forma Pauperis” is dismissed as moot.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
denied

Motion
dismissed

Opinion
delivered and filed September 15, 2010

[OT06]








 






60;                                    

      Appellant Tryon appeals from a judgment of the trial court adjudicating guilt, revoking his
probation, and sentencing him to three years in the Texas Department of Criminal Justice.
      On March 20, 1992, Appellant pled guilty to burglary of a building. On May 29 the trial
court found there was sufficient evidence upon which a finding of guilt could be made, but
deferred adjudication and placed Appellant on probation for three years and a $300 fine.
      On August 5, 1994, the State filed a motion to proceed with adjudication of guilt which
alleged that Appellant had violated seven conditions of his probation. On September 7, after
Appellant entered a plea of true to the allegations of probation violations, the trial court entered
an adjudication of guilt, found that Appellant had violated his conditions of probation, then
sentenced him to three years in prison and a $300 fine.
      Appellant appeals on one point of error: "There was insufficient evidence to show that
Appellant violated the terms and conditions of his probation."
      Specifically Appellant argues that: (1) he has the right to appeal from an order adjudicating
guilt; and (2) there must be some evidence of violations of terms of probation even though
Appellant pled true to the violations.
      In deferred adjudication proceedings, no appeal may be taken from a determination to proceed
with adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b); Castro v. State, 807
S.W.2d 417, 418 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); Olowosuko v. State, 826
S.W.2d 940, 941 (Tex. Crim. App. 1992). 
      Article 42.12 § 5(b), however, expressly allows an appeal of all proceedings after adjudication
of guilt on the original charge. Olowosuko, supra. 
      Appellant's point asserts the evidence was insufficient to show that Appellant violated the
terms and conditions of his probation, and that there must be some evidence to show that he
violated same.
      A defendant's plea of "true" to allegations that he violated a condition of probation, standing
alone, is sufficient to support a revocation of probation. The sufficiency of the evidence cannot
be challenged in the face of a plea of true. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979).
      Appellant's point and contentions are overruled. The judgment is affirmed
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 19, 1996
Do not publish